|  |  |
|---|---|
| JONATHAN DOMINGUEZ UGALDE, <br> 2222 West Roselawn Street <br> Rogers, Arkansas 72756 <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES CITIZENSHIP AND <br> IMMIGRATION SERVICES, <br> 111 Massachusetts Ave., NW <br> MS 2260 <br> Washington, DC 20529 | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. _____ |

## COMPLAINT FOR INJUNCTIVE RELIEF

1. Plaintiff Jonathan Dominguez Ugalde brings this action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), against Defendant, U.S. Citizenship and Immigration Services ("USCIS"), to compel Defendant to produce documents in compliance with FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

3. Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Because Defendants have failed to comply with the applicable time limit provisions in FOIA, Plaintiff is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

## PARTIES

5. Plaintiff Jonathan Dominguez Ugalde is a natural person currently located in Mexico, but who lived in the United States with his family.

6. Defendant United States Customs and Immigration Services (USCIS) is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), and is headquartered in Washington, D.C. USCIS has possession, custody and control of the records Plaintiff is seeking.

## FACTUAL ALLEGATIONS

### BACKGROUND

7. Plaintiff is a presumed lawful permanent resident and citizen of Mexico. He is 24 years old.

8. USCIS denied Plaintiff's I-90, Application to Replace Permanent Resident Card, on the basis that Plaintiff signed an alleged I-407, Record of Abandonment of Lawful Permanent Resident Status.

9. In the meantime, Plaintiff has been unable to return to the United States as a result.

10. Plaintiff has immediate relatives in the United States.

11. If the alleged I-407 indeed does not exist, then the Plaintiff's life and liberty is being endangered as he is unable to return to the United States.

## FOIA REQUEST

12. Plaintiff, through counsel, submitted a FOIA/PA Record Request (G-639) to the Defendant agency on or around November 20, 2017, a redacted version is attached hereto as **Exhibit A**. It included a Certification of Identity.

13. The FOIA Record Request sought the production of a "copy of records upon which denial of I-90 was based, IOE0901434807, and especially the alleged I-407 dated November 21, 2016."

14. Plaintiff, through counsel, received a letter dated December 6, 2017 from the Defendant agency that states it had "received [Plaintiff's] request for information relating to Jonathan Dominguez Ugalde on December 06, 2017," attached hereto as **Exhibit B**.

15. In its letter, USCIS communicated Plaintiff's agreement to pay any fees that may be chargeable up to $25.00.

16. The FOIA Record Request was placed on Track Two, allotting itself up to thirty days to process the request.

17. Plaintiff, through counsel, checked the FOIA Record Request on April 27, 2018 which indicated the request was still pending in Track Two since November 20, 2017, attached hereto as **Exhibit C**.

18. To date, USCIS has made no determination on Plaintiff's FOIA Record Request (aside from conveying Plaintiff's agreement to pay the copy fees), produced any materials in response to that request, advised Plaintiff of the right to appeal any adverse determination, nor has it produced the requested records or otherwise demonstrated that the requested records are exempt from production.

19. Through the failure of USCIS to respond within the statutory time limit, Plaintiff is deemed to have exhausted its administrative remedies and seeks immediate judicial review.

## CLAIM FOR RELIEF

### Count One (Violation of FOIA, 5 U.S.C. § 552)

20. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

21. By failing to respond to Plaintiff's request within the statutorily prescribed time limit, Defendant has violated their duty under 5 U.S.C. § 552, including but not limited to its responsibility to conduct a reasonable search for all responsive records, to take reasonable steps to release all nonexempt information, and to not withhold responsive and nonexempt information.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

1. Order the Defendant to conduct a search for all responsive records to Plaintiff's FOIA Record Request using search methodology reasonably likely to lead to discovery of all responsive records;

2. Enjoin the Defendant from continuing to withhold all nonexempt responsive records;

3.  Order the Defendant to produce by a date certain any and all nonexempt responsive records and a *Vaughn* index of any responsive records withheld under a claim of exemption;

4.  Award Plaintiff attorneys' fees and costs and other payments or fees related to this action; and

5.  Grant any other relief this Court appropriate.

Dated: May 03, 2018                                   Respectfully submitted,

/s/ Peter Anthony Jabaly\_\_\_\_
Peter Anthony Jabaly
(DC Bar No. 992583)
Coppola & Jabaly, PLLC
218 North Lee Street
Third Floor
Alexandria, Virginia 22314
(703) 209-2355
peter@coppolajabaly.com